UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FUQUAN TYRONE ELLISON<br><br>Plaintiff,<br><br>v.<br><br>THE SPECIAL TREATMENT UNIT, et al.,<br><br>Defendants. | Civil Action No. 24-8158 (MCA) (AME)<br><br>MEMORANDUM & ORDER |

On November 7, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis*, screened his complaint under 28 U.S.C. § 1915(e)(2)(B), and proceeded the complaint in part. (ECF No. 6.) On July 8, 2025, prior to service of any of the Defendants, mail sent to Plaintiff at the address on the file was returned as undeliverable, and the notation on the mail indicates that Plaintiff is deceased. (ECF No. 11.) Because the Court is unable to confirm whether Plaintiff is deceased, and his Estate has not sought to substitute as a party, the Court will ADMINISTRATIVELY TERMINATE this action at this time pursuant to L. Civ. R. 10.1 and provide Plaintiff with 30 days to update his address.[1] To the extent Plaintiff is deceased and his

---

[1] Administrative termination is not a "dismissal," and that the Court retains jurisdiction over Plaintiff's case. *See Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals). "Dismissals end all proceedings, at which time the district court relinquishes any jurisdiction over the matter. [internal citation omitted]. By contrast, administrative closings do not end the proceeding. Rather, they are a practical tool used by courts to 'prune ... overgrown dockets' and are 'particularly useful in circumstances in which a case, though not dead, likely to remain moribund for an appreciable period of time.'" *Id.* (citing *Freeman v. Pittsburgh Glass Works*, LLC, 709 F.3d 240, 247 (3d Cir. 2013) (internal quotation marks omitted).

1

Estate seeks to substitute as a party, it may do so according to the pertinent Rules of Federal Civil Procedure.

**IT IS,** therefore, on this 17th day of July 2025,

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this case pursuant to L. Civ. R. 10.1; Plaintiff may reopen this matter within 30 days by updating his address; it is further

**ORDERED** that to the extent Plaintiff is deceased, his Estate may substitute a party as provided by the pertinent Rules of Federal Civil Procedure; it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file.

*/s/ Madeline Cox Arleo*
Madeline Cox Arleo
United States District Judge